**SALINAS et al. v. SHAW. (No. 5895.)**

(Court of Civil Appeals of Texas. San Antonio. Oct. 31, 1917. Rehearing Denied Nov. 28, 1917.)

**1. ADVERSE POSSESSION  27 — SUFFICIENCY OF EVIDENCE—HOLDING BY TENANT.**

In trespass to try title, evidence *held* sufficient to support a finding that defendant had acquired title by adverse possession through a tenant.

**2. ADVERSE POSSESSION  29 — HOLDING BY RENTER—NOTICE OF CLAIM.**

Where one rents land to another, such tenancy is sufficient notice of adverse possession although he never mentioned his claim to any one.

**3. ADVERSE POSSESSION  85(3)—NATURE OF POSSESSION—EVIDENCE.**

Evidence *held* sufficient to support a finding that defendant took possession of land adversely for himself and not as agent of another.

Appeal from District Court, Duval County; V. W. Taylor, Judge.

Trespass to try title by F. G. Salinas and others against J. W. Shaw. Judgment for defendant, and plaintiffs appeal. Affirmed.

J. C. North, of Falfurrias, and J. T. Fly, Gordon Bullitt, and Alex C. Bullitt, all of San Antonio, for appellants. S. H. Woods, of Alice, and Hicks, Hicks, Dickson & Bobbitt, of San Antonio, for appellee.

MOURSUND, J. This is a suit in trespass to try title by Francisco G. Salinas, Gregoria G. de Garcia, joined herein by her husband, Vidal Garcia, Gorgonia Garcia Salinas, Jacoba Garcia Trevino, joined herein by her husband, Jose Ma. Trevino, Jesusa G. de Garcia, joined herein by her husband, Severo Garcia, Victoria G. Rogers, joined herein by her husband, T. C. Rogers, and Alberto G. Salinas, against Joe Shaw, Mensalado Presas, and Wallace-Landes Company, to recover 100 acres of land in Duval county. Weusalado Presas, sued as "Mensalado Presas," disclaimed. Shaw answered by general denial, plea of not guilty, and plea of title by lim-

---

 For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

itation under the ten-year statute. He also pleaded a cross-action against plaintiffs for the land. Plaintiffs dismissed as to Wallace-Landes Company. Judgment was rendered in favor of Shaw, and plaintiffs appealed.

The findings of fact by the trial court are, in substance, as follows: (1) That the record title to the land is in plaintiffs. (2) That defendant Shaw, in 1904, claimed and took possession of the land in controversy, which was inclosed by a fence, and since said date has been continuously cultivating, using, and enjoying the same, through his tenant, Weusalado Presas, up to the filing of this suit on November 16, 1916; that such possession was actual, visible, continuous, peaceable, and adverse; that Weusalado Presas during all of said time recognized Shaw as his landlord, and has never at any time asserted any title in himself to the land.

[1] It is contended by appellants that Shaw had never asserted any claim to the land in controversy until less than five years prior to the filing of this suit; that Shaw claimed through a renter, and had never at any time openly asserted or claimed that the person in possession of the land was his renter, and had never openly asserted or claimed any title adverse to the plaintiffs' through said person.

[2] The contention is based upon the admission by Shaw that, aside from his renter, he had not told any one of his claim until within two years of the trial. In this connection, he also testified, in substance, that his ownership had not been challenged and no occasion had arisen for announcing his claim. Shaw did not enter upon the land under plaintiffs, and was not called upon to give notice to them that he claimed the land as his own. The acts of ownership exercised by his tenant were ample to put plaintiffs upon inquiry as to who claimed to own their land, and the testimony as a whole supports the finding of the trial court that Shaw claimed to own the land during the time testified to by him and his tenant. His failure to mention his claim to people was a circumstance to be considered by the court in connection with the other facts in the case, but cannot be given the controlling effect desired by appellants.

[3] It is also contended that the evidence conclusively showed that Shaw took possession of the land as the agent of the Wallace-Landes Company, and that there is no evidence that he ever notified said company of his repudiation of the agency or that knowledge thereof was acquired by the company in any other way. This contention must also be overruled, for the reason that the testimony wholly fails to show that Shaw took possession of the land in 1904 as the agent of said company. It merely shows that in 1902 as agent for said company he took charge of land acquired by said company, described

as 2,030 acres of land in block 2, and that afterwards a survey was made by the company and said 100 acres was left out; that "when they checked up their lands they left out this 100 acres, as they did not assert any title to it." Thereafter Shaw took possession of it and claimed it as his own. The fact that he was still the agent of the company as to the lands claimed by it would not prevent his acquiring title for himself to land not claimed by the company.

The "findings of fact" made by the trial court are supported by the testimony, and will be adopted as our conclusions of fact.

The assignments of error raise only the questions above discussed, and are overruled for the reasons stated.

The judgment is affirmed.